# CENTRAL ALTAGRACIA, INCORPORATED,

*v.*

# DAVID WILSON.

---

Mayaguez, Law, No. 187.

1. It is doubtful whether, under the laws of Porto Rico, §§ 567 et seq., Compiled Laws 1902, an action for libel and slander of a corporation will lie, as that law appears to apply only to human beings.

2. When a cause is fairly submitted to the jury, and the only error they commit is in returning a verdict for the defendant, instead of finding a verdict for the plaintiff in nominal damages, a new trial ought not to be granted.

Opinion filed August 3, 1909.

---

*Messrs. N. B. K. Pettingill* and *F. L. Cornwell,* attorneys for the plaintiff.

*Mr. Chase Ulman,* attorney for the defendant.

RODEY, Judge, delivered the following opinion:

This matter is before us on a motion for a new trial. It is an action for damages laid in the sum of $100,000 against the defendant for having, as alleged, libeled and slandered plaintiff as a corporation, and damaged it by inciting a strike at its sugar

plant. The case was tried before a jury on July 15th last, and a verdict rendered for the defendant. Counsel for plaintiff bitterly contends that the court misinstructed the jury in that it ought to have, at all events, instructed that a nominal verdict at least should have been rendered for the plaintiff, the amount of the verdict only being left to their discretion.

We have examined our instructions with care, in the light of the bitter complaint of counsel for plaintiff. Whilst we confess we labored under difficulty to know how to present the cause to the jury, and in which difficulty we were not much aided by counsel on either side, yet the fact that counsel in his complaint coupled an ordinary action for damages, under the damage act, §§ 1803 and 1804 of the Civil Code of Porto Rico of 1902, for inciting a strike, with counts that in and of themselves sound in libel and slander, rendered our task more difficult, and we finally concluded, with the acquiescence of counsel now complaining, that the whole suit should be considered as having been filed under the general damage sections aforesaid. We were brought to this conclusion the more easily because it is gravely doubtful whether an action for libel and slander of a corporation can be brought under the Code of Porto Rico, save under the sections referred to, as the libel and slander provisions, §§ 567 et seq., Compiled Laws of Porto Rico of 1902, appear to refer entirely to libels and slanders of human beings.

But no matter how this may be, we are of the belief that, on the merits of the case, the jury were of opinion that the plaintiff had suffered no damage, because they remained out but a very short time to consider of their verdict, and rendered a verdict against it.

The court was extremely liberal in the admission of evidence,

Central Altagracia v. Wilson.

and, if it committed any error in that regard, it was in favor of the plaintiff. We are further of the opinion that, if any error was committed on the whole case, it was only in failing to instruct the jury to return at least a nominal verdict for the plaintiff, and even this we are not admitting. It appears to be the law that, when the cause is fairly submitted to the jury and the only error they commit is in returning a verdict for the defendant, instead of finding a verdict for the plaintiff in nominal damages, a new trial ought not to be granted. See 1 Graham & W. New Trials, p. 526.

Counsel for the plaintiff presented this case to the jury in as able a manner as it has ever been our lot to see him present a case, and, in spite of that fact, the jury in a few minutes found against his contention on the merits. We do not think it is our province in such a case to disturb their action. Personally, we are free to confess that we did not think there was much merit in the cause of action, notwithstanding the bitter contention to the contrary of counsel, and we feel that no different result, unless under the direct instructions of the court for nominal damages and costs, would be brought about by the granting of a new trial.

The plaintiff in this case unfortunately is insolvent, and its property is in the hands of a receiver of this court, and it will have to pay the costs of this case if they are paid under our direct order. The only effect of a plaintiff winning a suit such as this is would be to reimburse its treasury for the damage which it is contended resulted in its insolvency, and we feel that on the facts developed that could never be brought about if it is left to a jury, as it must be. The motion will therefore be overruled, and an order to that effect will be entered.